# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 15-2178
(3:14-CV-0116-GCM-DSC)

**Garlock Sealing Technologies, LLC and Garrison Litigation Management Group, LTD**

    **Plaintiffs-Appellees,**

  **v.**

**Simon Greenstone Panatier Bartlett, APC; Jeffrey B. Simon; David C. Greenstone; Estate of Ronald C. Eddins; and Jennifer L. Bartlett**

    **Defendants-Appellants.**

## SIMON GREENSTONE'S UNOPPOSED MOTION FOR LEAVE TO FILE JOINT APPENDIX IN ITS EXISTING FORM

Defendants-Appellants, Simon Greenstone Panatier Bartlett, APC, Jeffrey B. Simon, David C. Greenstone, Estate of Ronald C. Eddins, and Jennifer L. Bartlett (together, "Simon Greenstone"), submit this motion for leave to file the Joint Appendix in its existing form. Counsel for Plaintiffs-Appellees, Garlock Sealing Technologies, LLC and Garrison Litigation Management Group, LTD (together, "Garlock"), has indicated Garlock's consent to the requested relief. On December 7, 2015, the Court issued a Docket Correction Notice instructing Simon

{N3139471.1}

Greenstone to file sealed material in separate, sealed volumes of the appendix and to submit a certificate of confidentiality for sealed volumes. Doc. 24. A separate, sealed appendix is unnecessary here because the Joint Appendix's pleadings, including redacted information, are identical to those filed in the district court, and the redactions in the Joint Appendix obscure only personal data identifying information which is immaterial to resolution of this appeal.

Garlock's Complaint redacts the personal data identifying information of plaintiffs who were represented by Simon Greenstone in personal injury lawsuits that are the basis of Garlock's Complaint. JA 013-191; Dist. Ct. Rec. Doc. 75-1. After unsealing this case, the district court ordered the parties to redact personal data identifiers from all filed documents pursuant to the district court's Administrative Procedures Governing Filing and Service by Electronic Means ("E-Filing Procedures"). Dist. Ct. Rec. Doc. 61, attached as Ex. 1. Accordingly, on January 20, 2015, Garlock substituted its Complaint with a redacted version that removed all personal data identifying information. Dist. Ct. Rec. Doc. 75-1; *see* Docket Report, JA 010.

Further, the copy of the Complaint in the Joint Appendix is identical to the Complaint that Garlock filed in the district court on January 20, 2015. JA 013-191; Dist. Ct. Rec. Doc. 75-1. Garlock redacted from its Complaint only the personal data identifying information of the plaintiffs in the personal injury cases

identified therein. In accordance with the district court's E-Filing Procedures, this redacted information includes, at most, (a) minors' names, (b) financial account numbers, (c) Social Security numbers, (d) dates of birth, (e) home addresses, (f) personal identifying numbers, (g) medical records, treatment and diagnosis, (h) employment history, and (i) individual financial information. *See* E-Filing Procedures, Section II, Subpart I, attached as Ex. 2. None of this information is material to either the jurisdictional question raised in Garlock's Motion to Dismiss Appeal or the merits of this appeal, which rests on Simon Greenstone's assertions of immunity under state anti-SLAPP statutes and state litigation privileges.

Accordingly, Simon Greenstone respectfully requests that the Court grant its Motion for Leave to File the Joint Appendix in its Existing Form.

>Respectfully submitted,
>
>*/s/ Michael W. Magner*
>MICHAEL W. MAGNER
>JONES WALKER LLP
>201 St. Charles Avenue, Suite 5100
>New Orleans, Louisiana 70170
>Phone: (504) 582-8316
>Fax: (504) 589-8316
>mmagner@joneswalker.com
>
>- and -
>
>SARA W. HIGGINS
>HIGGINS & OWENS, PLLC
>5925 Carnegie Blvd., Suite 530
>Charlotte, NC 28209
>Phone: (704) 366-4607
>Fax: (704) 749-9451
>shiggins@higginsowens.com
>
>*Attorneys for Simon Greenstone Panatier Bartlett, APLC, Jeffery B. Simon, David C. Greenstone, the Estate of Ronald C. Eddins and Jennifer L. Bartlett*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all parties and/or their counsel of record, by the Court's electronic Notice of Docket Activity, by e-mail, by telefax, by hand, and/or by United States mail, this 10th day of December, 2015.

>*/s/ Michael W. Magner*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GARLOCK SEALING TECHNOLOGIES LLC and GARRISON LITIGATION MANAGEMENT GROUP, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SIMON GREENSTONE PANATIER BARTLETT, A PROFESSIONAL CORPORATION, JEFFERY B. SIMON, DAVID C. GREENSTONE, ESTATE OF RONALD C. EDDINS, AND JENNIFER L. BARTLETT, <br><br> Defendants. | Case No. 3:14-cv-00116-GCM-DSC |

### ORDER

**THIS MATTER** is before the Court sua sponte. The Court has granted the "Motion to Unseal Court Filings" (document #31) but further ordered the "seal to remain in effect until parties have the opportunity to redact personal identifying information such as Social Security numbers and Dates of Birth." See "Order" (document #48) and "Oral Order," both entered October 23, 2014.

**IT IS HEREBY ORDERED** that:

1. The parties shall review all documents filed in this matter.

2. On or before January 15, 2015, the parties shall redact all personal data identifiers from those documents as required by Section II, Subpart I (entitled Privacy) of the Court's Administrative Procedures Governing Filing and Service by Electronic Means (revised January 1, 2012).

EXHIBIT 1

3. Any documents filed on or after the date of this Order shall likewise comply with Section II. Subpart I.

4. The parties shall report to the Court when the redactions are complete.

5. The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Graham C. Mullen</u>.

**SO ORDERED**.

Signed: November 13, 2014

David S. Cayer
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA



ADMINISTRATIVE PROCEDURES
GOVERNING FILING AND SERVICE BY ELECTRONIC MEANS

*revised January 1, 2012*

I. **THE ELECTRONIC FILING SYSTEM**

    A. **IN GENERAL.** Unless otherwise permitted by these administrative procedures or unless otherwise authorized by the assigned judge, all documents submitted for filing in this district after **January 1, 2006**, no matter when a case was originally filed, shall be filed electronically using the Electronic Filing System ("System").

        1. Parties proceeding pro se shall not file electronically.

        2. The filing of Social Security cases shall be subject to the limitations imposed in Section VI of these procedures.

        3. Juvenile criminal matters shall not be filed electronically unless, after hearing the Court rules that the juvenile shall be tried as an adult.

        4. For good cause shown, an attorney may apply to the assigned judge for permission to file documents conventionally. Such permission, if granted, will be granted only with respect to a particular case. Even if the assigned judge initially grants an attorney permission to file documents conventionally, however, the assigned judge may withdraw that permission at any time during the pendency of a case and require the attorney to file documents electronically using the System.

        5. The Clerk's Office or any judge of this Court may deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the

EXHIBIT 2

    3.    A filing party whose filing is made untimely as a result of a technical failure of the Court's CM/ECF site may seek appropriate relief from the Court. Filing parties are cautioned that, in some circumstances, the Court lacks the authority to grant an extension of time (e.g., Rule 6(b) of the Federal Rules of Appellate Procedure.)

## I. PRIVACY.

### 1. Redacted documents.

To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107347, and in order to promote electronic access to case file while also protecting personal privacy and other legitimate interests, filing parties shall omit or, where inclusion is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the judge orders otherwise:

    a.    Minors' names: use the initial of minors;

    b.    Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;

    c.    Social Security numbers: use only the last four numbers;

    d.    Dates of birth: use only the year;

    e.    Home address: disclose only the city and state; and

    f.    Other data as permitted by order of the Court.

### 2. Other redactions.

    a.    Personal identifying numbers, such as a driver's license number;

    b.    Medical records, treatment and diagnosis;

    c.    Employment history;

    d.    Individual financial information; and

   e. Proprietary or trade secret information.

 **3. Reference lists.**

   a. A reference list shall contain the complete personal data identifier or identifiers and the corresponding redacted identifier or identifiers used in the redacted document. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete identifier.

   b. The reference list must be electronically-filed under seal and may be amended as of right. (Section II.A.11)

   c. The reference list shall be retained by the Court as part of the record but will not be available for public access.

 **4. Responsibility for redaction.**

The responsibility for redacting personal data identifiers rests solely with the counsel and the parties. The Clerk's Office will not review documents for compliance with this rule, seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper.

## III. CONVENTIONAL FILING OF DOCUMENTS.

The following procedures govern documents filed conventionally. The Court, upon application, may also authorize conventional filing of other documents otherwise subject to these procedures. The Clerk's staff will attempt to scan and upload conventionally-filed documents if possible. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.

### A. PRO SE PARTIES.

Parties proceeding pro se shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents which must be signed or which require either verification or an unsworn declaration under any rule or statute. The Clerk's Office will scan these original documents into an electronic file in the System. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.

14